**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal No. 14-14 |
| | ) |
| **HECTOR L. MEJIA-PATINO,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

ATTORNEYS:

**Gretchen Shappert, United States Attorney**
**David White, AUSA**
U.S. Attorney's Office
St. Thomas, U.S.V.I.
    *For the United States,*

**Hector L. Mejia-Patino**
    *Pro se.*

## ORDER

**GÓMEZ, J.**

Before the Court is the February 27, 2019, Report and Recommendation of the Magistrate Judge. The Magistrate Judge recommends that the Court deny Hector Mejia-Patino's motion to vacate his sentence; and grant the Government's motion to dismiss.

    **I. FACTUAL AND PROCEDURAL HISTORY**

On February 7, 2014, the United States filed a one-count information charging Mejia-Patino with conspiracy to possess

with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846.

On April 3, 2014, Mejia-Patino pled guilty. The Court sentenced Mejia-Patino to a term of imprisonment of 67 months.

On May 27, 2015, the Court entered the Judgment and Commitment order. Mejia-Patino did not appeal his conviction.

On August 29, 2016, Mejia-Patino filed a petition for relief under 28 U.S.C. § 2255 (the "2255 petition"). *See* Motion to Vacate under 28 U.S.C. 2255, ECF No. 52.

On November 29, 2016, the Government filed a motion to dismiss Mejia-Patino's 2255 petition with prejudice. *See* Motion to Dismiss, ECF No. 62.

On February 14, 2017, Mejia-Patino filed a document titled "Motion for Clerical Error in Defendant's Pending § 2255." *See* Motion for Clerical Error, ECF No. 69. In that motion, Mejia-Patino reiterated his arguments from the 2255 petition.

On March 20, 2017, Mejia-Patino filed a document titled "Petitioner's Motion Seeking Permission to File Motion to Vacate, Set Aside or Correct . . . Sentence Under 28 U.S.C. § 2255." *See* Motion Requesting Permission to File Motion to Vacate, Set Aside or Correct a Sentence under 28 U.S.C. 2255, ECF No. 73. That motion sought permission to refile Mejia-

Patino's 2255 petition. The motion also requested an evidentiary hearing on Mejia-Patino's 2255 petition.

On February 27, 2019, the Magistrate Judge issued a report and recommendation in this matter. *See* Report and Recommendation, ECF No. 74. On the same date, the Magistrate Judge issued an amended report and recommendation in this matter. *See* Amended Report and Recommendation, ECF No. 75. In the amended report and recommendation, the Magistrate Judge recommends that the Court: (1) deny Mejia-Patino's 2255 petition and subsequent related motions as untimely and without merit; and (2) grant the motion of the United States to dismiss.

Mejia-Patino has not filed any objections to the February 27, 2019, amended report and recommendation.

When a magistrate judge issues a report and recommendation, the Court is required to review *de novo* only those portions of the report and recommendation to which a party has objected. *See* Fed. R. Civ. P. 72(b)(3). When no objection to a magistrate judge's report and recommendation is made, or such an objection is untimely, the district court reviews the report and recommendation for plain error. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While . . . [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate's report before

accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."); *see also Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) *aff'd*, 276 Fed. App'x 125 (3d Cir. 2008)(explaining that, by failing to object to a portion of a report and recommendation, the litigant "waived its right to have this Court conduct a *de novo* review," and that in those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of 'plain error' ").

Here, no objections were filed to the February 27, 2019, amended report and recommendation. Accordingly, the Court will review the Magistrate Judge's amended report and recommendation for plain error.

To reject or modify a report and recommendation under plain error review, a district court must find "an 'error' that is 'plain' and that 'affects substantial rights.'" *United States v. Russell*, 134 F.3d 171, 181 (3d Cir. 1998) (quoting *United States v. Retos*, 25 F.3d 1220, 1228 (3d Cir. 1994)). "A 'plain' error is one that is 'clear' or 'obvious.'" *Gov't of Virgin Islands v. Lewis*, 620 F.3d 359, 364, 54 V.I. 882 (3d Cir. 2010) (quoting *United States v. Turcks*, 41 F.3d 893, 897 (3d Cir. 1994)).

Reviewing the record in this case and the February 27, 2019, amended report and recommendation for plain error, the Court does not find plain error in any of the Magistrate Judge's factual and legal findings. As such, the Court will adopt the amended February 27, 2019, report and recommendation.

The premises considered, it is hereby

**ORDERED** that the Amended Report and Recommendation of the Magistrate Judge (ECF No. 75) is **ADOPTED**; it is further

**ORDERED** that Mejia-Patino's Motion to Vacate under 28 U.S.C. 2255 (ECF No. 52) is **DENIED**; it is further

**ORDERED** that Mejia-Patino's Motion for Clerical Error (ECF No. 69) is **DENIED**; it is further

**ORDERED** that Mejia-Patino's Motion Requesting Permission to File Motion to Vacate (ECF No. 73) is **DENIED**; it is further

**ORDERED** that the Government's motion to dismiss (ECF No. 62) is **GRANTED**; and it is further

**ORDERED** that a certificate of appealability is **DENIED**.

S\_____
**Curtis V. Gómez**
**District Judge**